## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CT-00398-SCT

*MARVIN LEWIS BECKUM*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 01/17/1996 |
| TRIAL JUDGE: | HON. RICHARD WAYNE McKENZIE |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CLIFTON S. GADDIS |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | E. LINDSAY CARTER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 06/14/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/5/2001 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. Marvin Lewis Beckum was convicted of strong armed robbery and sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections. In the Court of Appeals, Beckum argued, inter alia, that the trial court erred when it refused to suppress his statement given to law enforcement because it was taken in violation of his Sixth Amendment right to counsel. The Court of Appeals majority found that there was not enough affirmative evidence in the record to demonstrate that Beckum had accepted the representation of his appointed counsel, Jeff Bradley; and therefore, there was no violation of his right to counsel. ***Beckum v. State***, No. 97-KA-00398-COA (Miss. Ct. App. 2000).

¶2. We find overwhelming evidence supporting the fact that Jeff Bradley represented Beckum as his counsel and that the police should not have questioned Beckum. Finding that the statement given by Beckum to the police should have been suppressed, we reverse and remand for a new trial.

### FACTS

¶3. Marvin Beckum was arrested and charged with assault and strong armed robbery. Jeff Bradley was appointed to represent Beckum at his initial appearance which took place four days later. At the initial appearance, Beckum's bond was set at $50,000. Later that same day, Detective Charles DeJarnett of the Hattiesburg Police Department took Beckum to his office to question him about the incident. On the way to DeJarnett's office, Beckum and DeJarnett passed Bradley in the hall. Bradley stopped them and asked

DeJarnett if he was going to question Beckum, to which DeJarnett responded, "No." Beckum subsequently signed a waiver of his *Miranda* rights and gave a statement to DeJarnett implicating himself in the robbery.

¶4. At trial, Beckum sought to have his post-arrest statement suppressed. The trial court denied Beckum's motion to suppress and allowed his statement to be entered into evidence. Beckum was subsequently convicted and sentenced to fifteen years in the custody of the Mississippi Department of Corrections. Beckum appealed, and his case was assigned to the Court of Appeals, which, in a sharply divided opinion, affirmed his conviction. Beckum then timely filed a petition for writ of certiorari which this Court granted.

## ANALYSIS

¶5. Beckum argues that Detective DeJarnett intentionally and blatantly violated his right to counsel. Beckum further argues that the decision of the Court of Appeals is in direct conflict with prior decisions of both this Court and of the United States Supreme Court. Specifically he argues that the Court of Appeals decision is in conflict with *Kirby v. Illinois*, 406 U.S. 682, 688, 92 So. Ct. 1877, 32 L. Ed.2d 411 (1972), and *Cannaday v. State*, 455 So. 2d 713, 722 (Miss. 1984).

¶6. Citing to this Court's decision in *Wilcher v. State*, 697 So. 2d 1087, 1096-97 (Miss. 1997), the Court of Appeals found in pertinent part:

> The issue, therefore, becomes whether Beckum had, at the time of his interrogation, invoked his right to representation in regard to the particular offense involved in this case. The only evidence in the record on the point is the magistrate's order referred to above. Beckum presented no evidence at the suppression hearing that he ever did anything further to invoke his right to counsel at the initial appearance or at any time prior to making the incriminating statement to the investigating officer. We find the magistrate's rather inconclusive order insufficient to suggest unequivocally that Beckum had invoked his Sixth Amendment right to counsel.
>
> . . . . . . . . . . . . . .
>
> In the absence of any affirmative evidence that Beckum accepted the representation of Attorney Bradley at the time of his initial appearance, we conclude that there is no basis to exclude Beckum's subsequent apparently voluntary statement based on the violation of any right accruing to him under the Sixth Amendment.

(*Beckum* at ¶¶ 4-5).

¶7. In *Michigan v. Jackson*, 475 U.S. 625, 106 S. Ct. 1404, 89 L. Ed.2d 631 (1986), the United States Supreme Court held that if the police initiate an interrogation after defendant's assertion of his right to counsel at arraignment or similar proceeding, any waiver of defendant's right to counsel for that police-initiated interrogation is invalid. In *Jackson*, the Court phrased the question thusly:

> The question is not whether respondents had a right to counsel at their postarraignment, custodial interrogations. The existence of that right is clear. It has two sources. The Fifth Amendment protection against compelled self-incrimination provides the right to counsel at custodial interrogations. *Edwards*, 451 U.S., at 482, 101 S.Ct., at 1883; *Miranda v. Arizona*, 384 U.S. 436, 470, 86 S.Ct. 1602, 1625, 16 L.Ed.2d 694 (1966). The Sixth Amendment guarantee of the assistance of counsel also provides the right to counsel at postarraignment interrogations. The arraignment signals

"the initiation of adversary judicial proceedings" and thus the attachment of the Sixth Amendment, *United States v. Gouveia*, 467 U.S. 180, 187, 104 S.Ct. 2292, 2297, 81 L.Ed.2d 146 (1984); thereafter, government efforts to elicit information from the accused, including interrogation, represent "critical stages" at which the Sixth Amendment applies. *Maine v. Moulton*, 474 U.S. 159, 106 S.Ct. 477, 85 L.Ed.2d 139 (1985); *United States v. Henry*, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980); *Brewer v. Williams*, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977); *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). The question in these cases is whether respondents validly waived their right to counsel at the postarraignment custodial interrogations.

*Jackson*, 475 U.S. at 629-30 (footnote omitted).

¶8. The *Jackson* Court went on to state:

Almost a half century ago, in *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), a case involving an alleged waiver of a defendant's Sixth Amendment right to counsel, the Court explained that we should "indulge every reasonable presumption against waiver of fundamental constitutional rights." *Id.* at 464, 58 S.Ct. at 1023. **For that reason, it is the State that has the burden of establishing a valid waiver.** *Brewer v. Williams*, **430 U.S., at 404, 97 S.Ct. at 1242. Doubts must be resolved in favor of protecting the constitutional claim.** This settled approach to questions of waiver requires us to give a broad, rather than a narrow, interpretation to a defendant's request for counsel--we presume that the defendant requests the lawyer's services at every critical stage of the prosecution.

*Jackson,* 475 U.S. at 633 (emphasis added).

¶9. Finally, the Court in *Jackson* went on to hold:

*Edwards* is grounded in the understanding that "the assertion of the right to counsel [is] a significant event," 451 U.S. at 485, 101 S.Ct. at 1885, and that "additional safeguards are necessary when the accused asks for counsel." *Id.* at 484, 101 S.Ct., at 1884. We conclude that the assertion is no less significant, and the need for additional safeguards no less clear, when the request for counsel is made at an arraignment and when the basis for the claim is the Sixth Amendment. We thus hold that, if police initiate interrogation after a defendant's assertion, at an arraignment or similar proceeding, of his right to counsel, any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid. Although the *Edwards* decision itself rested on the Fifth Amendment and concerned a request for counsel made during custodial interrogation, the Michigan Supreme Court correctly perceived that the reasoning of that case applies with even greater force to these cases.

*Jackson*, 475 U.S. at 636.

¶10. The problem with the Court of Appeals decision is that it clearly places the burden of establishing the invalidity of the waiver on the defendant Beckum, not the State as required by *Jackson. Beckum* at ¶ 5. Additionally, the United States Supreme Court has articulated that "the right to counsel does not depend upon a request by the defendant." *Brewer v. Williams*, 430 U.S. 387, 404, 97 S. Ct. 1232, 51 L. Ed. 2d 424 (1977) (citations omitted).

¶11. Furthermore, Beckum testified at the suppression hearing that Jeff Bradley was his attorney and that

Bradley asked Detective DeJarnett where he was going with Beckum and if he was going to question him. Detective DeJarnett also testified at the suppression hearing, and he never contradicted Beckum's testimony as to what Bradley asked DeJarnett. In addition, DeJarnett testified:

Q. Well, did you? What was the gist of that conversation?

A. He had talked to Jeff Bradley and asked Jeff Bradley to contact me on his case.

Q. Jeff Bradley was his lawyer; was he not?

A. At that time.

¶12. It is clear from the uncontradicted testimony of Beckum on this issue, as well as the orders entered at the initial appearance, Bradley's question posed to Detective DeJarnett about not questioning Beckum, and the testimony of DeJarnett himself, that Jeff Bradley was representing Beckum on the strong armed robbery charge at the time DeJarnett took the statement from Beckum. We find that the trial court erred in not suppressing the statement. *See* ***Cannaday v. State***, 455 So. 2d at 722-23 (citing ***Brewer v. Williams***, 430 U.S. at 404) (holding police may not undertake interrogation in the absence of the attorney for the defendant if the attorney has expressly forbidden it)).

## CONCLUSION

¶13. We find that Beckum was represented by counsel when the police-initiated interrogation of Beckum took place. Pursuant to ***Michigan v. Jackson***, 475 U.S. 625, 106 S. Ct. 1404, 89 L. Ed. 2d 631 (1986) and ***Brewer v. Williams***, 430 U.S. 387, 97 S. Ct. 1232, 51 L. Ed. 2d 424 (1977), the statement should have been suppressed. We, therefore, reverse the judgments of the circuit court and the Court of Appeals, and we remand this case for a new trial consistent with this opinion.

¶14. **REVERSED AND REMANDED.**

**BANKS AND McRAE, P.JJ., MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. PITTMAN, C.J., NOT PARTICIPATING.**